No. 17-51127

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

CASY FRAZEE,
Defendant-Appellant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION
No. 7:17-CR-00153-RAJ-1

BRIEF OF DEFENDANT-APPELLANT
CASY FRAZEE

In Accordance with *Anders v. California*, 386 U.S. 738 (1967)

AARON E. ECKMAN
Law Office of Aaron E. Eckman, PLLC
414 W. Texas Avenue, Ste. 400G
Midland, Texas 79701
Tel.: (432) 279-1506
Fax: (432) 203-9808
eckmanlaw@gmail.com

Attorney for Defendant-Appellant
Casy Frazee

No. 17-51127

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

CASY FRAZEE,
Defendant-Appellant.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION
No. 7:17-CR-00153-RAJ-1

---

## BRIEF OF DEFENDANT-APPELLANT
## CASY FRAZEE

**In Accordance with *Anders v. California*, 386 U.S. 738 (1967)**

---

AARON E. ECKMAN
Law Office of Aaron E. Eckman, PLLC
414 W. Texas Avenue, Ste. 400G
Midland, Texas 79701
Tel.: (432) 279-1506
Fax: (432) 203-9808
eckmanlaw@gmail.com

Attorney for Defendant-Appellant
Casy Frazee

# CERTIFICATE OF INTERESTED PERSONS

## UNITED STATES V. CASY FRAZEE, NO. 17-51127

The undersigned counsel of record certifies that the following individuals listed below have an interest in the outcome of these proceedings:

1. **The Honorable Robert Junell**, Senior United States District Judge;

2. **The Honorable David Counts**, United States Magistrate Judge;

3. **John F. Bash**, U.S. Attorney for the Western District of Texas;

4. **James Glenn Harwood**, Assistant U.S. Attorney, who represented Plaintiff-Appellee in the district court;

5. **Joseph H. Gay, Jr.**, Assistant United States Attorney, who represents Plaintiff-Appellee in this Court;

6. **Joshua A. Stephens**, Attorney, who represented Defendant-Appellant in the district court;

7. **Aaron E. Eckman**, Attorney, who represents Defendant-Appellant in this Court.

This certificate is made to allow the judges of this Court to evaluate whether there are possible disqualification or recusal issues.

By: /s/ Aaron E. Eckman
AARON E. ECKMAN
Attorney for Defendant-Appellant

i

## PREAMBLE

This brief is submitted in accordance with *Anders v. California*, 386 U.S. 738 (1967).  Counsel has carefully examined the record on appeal and researched the law in connection therewith and concluded that the appeal presents no legally nonfrivolous questions.  In reaching this conclusion counsel has thoroughly read the record and examined it for any arguable violations of the Constitution, federal statutes, federal rules, and the United States Sentencing Guidelines.  Finding nothing in the record that would support an appeal of Frazee's sentence, counsel therefore moves to withdraw.

## STATEMENT REGARDING ORAL ARGUMENT

Counsel for the defendant-appellant has moved to withdraw as counsel based on *Anders v. California*; consequently, oral argument is not requested.

# **TABLE OF CONTENTS**

**Page**

CERTIFICATE OF INTERESTED PERSONS …………………………… i

PREAMBLE …………………………………………………………… iii

STATEMENT REGARDING ORAL ARGUMENT ……………………... iii

TABLE OF CONTENTS ……………………………………………….. iv

TABLE OF AUTHORITIES ……………………………………………… v

STATEMENT OF JURISDICTION ……………….................................. 1

STATEMENT OF THE ISSUES………..…………………………….... 2

STATEMENT OF THE CASE ……………………………………………… 3

SUMMARY OF THE ARGUMENT ...…………………………………... 6

ARGUMENT…………………………..…………………………………… 7

      ISSUE ONE RESTATED: There is no nonfrivolous argument that
the district court reversibly erred at Frazee's
guilty plea ……..…………….................................................... 7

      ISSUE TWO RESTATED: There is no nonfrivolous argument that
the district court reversibly erred at Frazee's
sentencing ……………………………………………………….. 18

CONCLUSION ……………………………………………………….... 33

CERTIFICATE OF SERVICE …………………………………….….... 34

CERTIFICATE OF COMPLIANCE ……………………………………... 35

CERTIFICATE OF CONFERENCE
RE: GOVERNMENT'S INTENT TO ENFORCE APPEAL WAIVER ….. 36

# TABLE OF AUTHORITIES

**Page**

## CASES

*Anders v. California*, 386 U.S. 738 (1967) …………………………… *passim*

*Gall v. United States*, 552 U.S. 38 (2007) ……………………………... 19, 33

*United States v. Acquaye*, 452 F.3d 380
      (5th Cir. 2006) ………………………………………………………… 18

*United States v. Adam*, 296 F.3d 327
      (5th Cir. 2002) ………………………………………………………… 10

*United States v. Adams*, 961 F.2d 505
      (5th Cir. 1992) ………………………………………………………... 7

*United States v. Alonzo*, 435 F.3d 551
      (5th Cir. 2006) ………………………………………………………... 19, 32

*United States v. Andis*, 333 F.3d 886
      (8th Cir. 2003) ………………………………………………….......... 18

*United States v. Angulo*, 927 F.2d 202
      (5th Cir. 1991) ………………………………………………….. 25, 26

*United States v. Betancourt*, 422 F.3d 240
      (5th Cir. 2005) ………………………………………………….. 24, 26, 28

*United States v. Bond*, 414 F.3d 542
      (5th Cir. 2005) ………………………………………………………... 17, 18

*United States v. Booker*, 543 U.S. 220 (2005) …………………………….. 19

*United States v. Brown*, 328 F.3d 787
      (5th Cir. 2003) ………………………………………………………… 12

*United States v. Burns*, 433 F.3d 442
      (5th Cir. 2005) ………………………………………………………… 17

# TABLE OF AUTHORITIES  - (Cont'd)

**Pages**

## CASES – (Cont'd)

*United States v. Castro-Trevino*, 464 F.3d 536
     (5th Cir. 2006) …………………………………………………... 7

*United States v. Cabrera*, 288 F.3d 163
     (5th Cir. 2002) ………………………………………………… 27

*United States v. Conlan*, 786 F.3d 380
     (5th Cir. 2015) ………………………………………………… 19

*United States v. Cooks*, 589 F.3d 173
     (5th Cir. 2009) ……………………………………………... 19, 33

*United States v. Dominguez Benitez*, 542 U.S. 74 (2004) ………………….. 7

*United States v. Emeary*, 794 F.3d 526
     (5th Cir. 2015) ………………………………………………… 18

*United States v. Esparza-Gonzalez*, 268 F.3d 272
     (5th Cir. 2001) ……………………………………………….. 21, 22

*United Sates v. Harris*, 434 F.3d 767
     (5th Cir. 2005) ……………………………………………........ 17

*United States v. Johnson*, 1 F.3d 296
     (5th Cir. 1993) (*en banc*) …………………………………………... 7

*United States v. Mckinney*, 406 F.3d 744
     (5th Cir. 2005) ……………………………………………... 16, 18

*United States v. Munoz*, 408 F.3d 222
     (5th Cir. 2005) ……………………………………………… 12, 14, 15

*United States v. Murray*, 648 F.3d 251
     (5th Cir. 2011) ………………………………………………… 27

# TABLE OF AUTHORITIES  - (Cont'd)

**Pages**

## CASES – (Cont'd)

*United States v. Narviz-Guerra*, 148 F.3d 530
   (5th Cir. 1998) …………………………………………………. 25

*United States v. Purse*, 747 F.3d 284
   (5th Cir. 2014) ………………………………………….. 12, 14, 15

*United States v. Ronning*, 47 F.3d 710
   (5th Cir. 1995) ………………………………………………… 27

*United States v. Rico*, 864 F.3d 381
   (5th Cir. 2017) ……………………………………… 24, 25, 26

*United States v. Scott*, 987 F.2d 261
   (5th Cir. 1993) ………………………………………………... 7

*United States v. Torres-Jaime*, 821 F.3d 577
   (5th Cir. 2016) ………………………………………….......... 19

*United States v. Victoria*, 877 F.2d 338
   (5th Cir. 1989) ………………………………………….. 21, 22

*United States v. Vonn*, 535 U.S. 55 (2002) ………………………........... 10

*United States v. Wright*, 777 F.3d 769
   (5th Cir. 2015) ……………………………………………… 18

## STATUTES AND RULES

18 U.S.C. § 3552 ………………………………………………… 12, 14

18 U.S.C. § 3553(a) ……………………………………………… 9

18 U.S.C. § 3553(c) ……………………………………………... 20

18 U.S.C. § 3571 ………………………………………………... 32

**TABLE OF AUTHORITIES  - (Cont'd)**

**Pages**

**STATUTES AND RULES** – **(Cont'd)**

18 U.S.C. § 3572 …………………………………………….. 32

18 U.S.C. § 3742 …………………………………………... 1, 16

21 U.S.C. § 841(a)(1) ……………………………………… 3, 22

21 U.S.C. § 841(b)(1) ...…………………………….……… 3, 15

21 U.S.C. § 846 …………………………………………… 3, 22

21 U.S.C. § 851 …………………………………………… 15

28 U.S.C. § 1291 ………………………………………… 1

28 U.S.C. § 2255 ………………………………………….. 16

Fed. R. App. P. 4(b) ……………………………………….... 1

Fed. R. App. P. 32(a)(7)(B) ……………………………… 35

Fed. R. App. P. 32(a)(7)(B)(iii) ………………………………… 35

Fed. R. App. P. 32(a)(5) …………………………………..... 35

Fed. R. App. P. 32(a)(6) …………………………………..... 35

Fed. R. Crim. P. 11 ……………………………………… 7, 8, 9, 10, 11

Fed. R. Crim. P. 11(b)(1) ………………………………… 8

Fed. R. Crim. P. 11(b)(3) ………………………………… 7, 9

Fed. R. Crim. P. 11(b)(1)(J) ……………………………...….. 9, 10

Fed. R. Crim. P. 11(b)(1)(K) ……………………………...……... 9, 10

## TABLE OF AUTHORITIES  - (Cont'd)

**Pages**

## STATUTES AND RULES – (Cont'd)

Fed. R. Crim. P. 11(c)(1)(A) …………………………………………... 10, 11

Fed. R. Crim. P. 11(c)(1)(B) …………………………………………... 10, 11

Fed. R. Crim. P. 11(c)(1)(C) …………………………………………... 10, 11

Fed. R. Crim. P. 11(c)(3) ……………………………………………. 9, 10, 11

Fed. R. Crim. P. 11(c)(3)(A) …………………………………………… 10

Fed. R. Crim. P. 11(c)(3)(B) …………………………………………… 10

Fed. R. Crim. P. 11(c)(4) ……………………………………………... 9, 11

Fed. R. Crim. P. 11(b)(2) …………………………………………….… 9

Fed. R. Crim. P. 11(b)(3) …………………………………………….… 9

Fed. R. Crim. P. 32 …………………………………………… 6, 18, 20, 21

Fed. R. Crim. P. 32(e)(2) ………………………………………...…… 20

Fed. R. Crim. P. 32(i)(1) ………………………………………...…… 20

Fed. R. Crim. P. 32(i)(1)(A) …………………………………….…….... 20

Fed. R. Crim. P. 32(i)(3) ………………………………………...…… 20

Fed. R. Crim. P. 32(i)(4) ………………………………………...……. 20

Fed. R. Crim. P. 32(j)(1) ………………………………………...…… 20

Fed. R. Crim. P. 32(j)(1)(A) …..……………………………………….. 19

Fed. R. Crim. P. 32(k)(1) ………………………………………...…… 20

## TABLE OF AUTHORITIES  - (Cont'd)

**Pages**

## SENTENCING GUIDELINES

USSG §1B1.3(a)(1) …………………………………………………… 24, 26

USSG §1B1.3 cmt. 3 ………………………………………………… 24

USSG §3B1.1(a) ………………………………………………... 23, 26, 27

USSG §2D1.1(a)(5) …………………………………………………22, 24

USSG §2D1.1(c) ………………………………………………….. 24

USSG §2D1.1(c)(3) ……………………………………………… 22, 23

USSG §3E1.1 ………………………………………………...…… 12

USSG §3E1.1 cmt. 1(A) ………………………………………….. 13

USSG §3E1.1(a) ………………………………………...………… 23

USSG §3E1.1(b) …………………………………………………… 14, 23

USSG §4A1.1(a) ……………………………………….………... 28, 29

USSG §4A1.1(a) cmt. 1…………………………………………… 29

USSG §4A1.1(c) ……………………………………….…….. 28, 29, 31

USSG §4A1.1(c) cmt. 3 ……………………………………………… 31

USSG §4A1.1(d) ……………………………………….………... 29, 31

USSG §4A1.2(e) ………………………………………………… 30, 31

USSG §5E1.2 ……………………………………………….…... 32

USSG §5K1.1 …………………………………………………… 12, 14

ix

# <u>TABLE OF AUTHORITIES</u>  - (Cont'd)

<u>**Pages**</u>

## <u>SENTENCING GUIDELINES</u> - (Cont'd)

USSG §6A1.3(a) …………………………………………………… 23, 26

USSG Ch. 5, Pt. A (Sentencing Table) ……………………….………… 31

## **STATEMENT OF JURISDICTION**

Jurisdiction of this Court is invoked under 28 U.S.C. § 1291, as an appeal from a final judgment of conviction and sentence in the United States District Court for the Western District of Texas, Midland-Odessa Division, and under 18 U.S.C. § 3742, as an appeal of a sentence imposed under the Sentencing Reform Act of 1984. Notice of appeal was timely filed in accordance with Rule 4(b) of the Federal Rules of Appellate Procedure.

## STATEMENT OF THE ISSUES

ISSUE ONE:  Whether there is any nonfrivolous argument for reversal of Frazee's sentence based on his guilty plea.

ISSUE TWO:  Whether there is any nonfrivolous argument for reversal of Frazee's sentence based on his sentencing.

## STATEMENT OF THE CASE

In February of 2017 authorities with the Odessa Police Department (OPD) assigned to a Task Force with the Federal Bureau of Investigations (FBI) learned Casy Frazee surrendered to United States Probation for a violation of supervised release. ROA. 8, 79. Frazee was held at Ector County Correctional Center (ECCC) in Odessa, Texas. ROA. 80. Prior to turning himself in for the supervised release violation, Frazee was under investigation for drug trafficking. ROA. 8. Officers with OPD and the FBI Task Force researched Frazee's jail calls at ECCC and listened to recorded phone conversations between Frazee and co-defendant's Melanie Ivy, Jaymi Rice, and Billy Highfill. ROA. 8, 22, 80-81. From the recorded phone calls "[l]aw enforcement learned that Frazee continued to direct and coordinate drug trafficking operations while confined in ECCC." ROA. 80.

On June 21, 2017, a federal grand jury returned a one count indictment. ROA. 22-23. Frazee and six co-defendants were charged with conspiracy to possess with intent to distribute more than fifty (50) grams of actual methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) and 21 U.S.C. § 846. ROA. 22.

On October 17, 2017, Frazee entered a plea of guilty to count one with a written plea agreement. ROA. 64-88, 117-129. The plea agreement contains

3

a waiver of Frazee's right to appeal. ROA. 123. At the plea hearing, Frazee admitted guilt to the Government's factual basis. ROA 79-85, 118-22. Thereafter, a probation officer prepared a presentence report (PSR). ROA. 155-77. The PSR set forth a base offense level of thirty-four (34) based on 14.06 kilograms of methamphetamines and a four-level increase (+4) for Frazee's role in the offense as an organizer, leader, manager, or supervisor. ROA. 164. As such, Frazee's adjusted offense level under the PSR was a level thirty-eight (38). ROA. 164. The PSR did not recommended a three-level decrease (-3) for acceptance of responsibility due to a letter received by U.S. Probation from Frazee denying involvement and knowledge of all the drug activity attributed to him in the PSR. ROA. 162-63. Frazee was placed in Criminal History Category VI based on a criminal history score of seventeen. ROA. 171. The guidelines established an advisory imprisonment range of three hundred and sixty (360) months to life imprisonment. ROA. 170.

Frazee submitted written objections to the PSR and argued the PSR incorrectly calculated the total weight of the methamphetamine attributed to Frazee, incorrectly assessed a leader/organizer four-level enhancement, and failed to recommend acceptance of responsibility. ROA. 179-82. At sentencing, on December 6, 2017, Frazee argued the objections raised to the

PSR.  ROA. 90-110.  The district court overruled Frazee's objections to the weight of the methamphetamines attributable to Frazee and the objection to the four-level leader/organizer enhancement. ROA. 93, 95, 100, 103, 110.  The district court sustained Frazee's objection to the PSR regarding acceptance of responsibility and awarded a three-level decrease.  ROA. 104-05.  The sentencing guidelines were then recalculated to a total offense level thirty-five (35) with Criminal History Category VI for an imprisonment range of two hundred and ninety-two (292) months to three hundred and sixty-five (365) months.  ROA. 110-11.

Frazee was sentenced to two hundred and ninety-two months' imprisonment and to five-years of supervised release.  ROA. 48-49, 113-14.  The district court assessed a $100 special assessment and did not impose a fine.  ROA. 52, 115.

On December 14, 2017, Frazee filed a timely *pro se* notice of appeal. ROA. 51-56.  This appeal follows.

# SUMMARY OF THE ARGUMENT

There is no nonfrivolous issue on appeal regarding Frazee's guilty plea. The United States Magistrate complied with the requirements of Fed. R. Crim. P. 11 at Frazee's plea hearing. No error was committed at the guilty plea. Frazee's plea was voluntary and knowing. Additionally, Frazee pleaded guilty with a plea agreement that contains a valid appellate waiver. The Government intends to rely on the waiver in this appeal.

There is no nonfrivolous issue on appeal regarding Frazee's sentence. Frazee's sentencing complied with Fed. R. Crim. P. 32 and was properly calculated with respect to the applicable Sentencing Guidelines. Additionally, Frazee received a sentence within the Guidelines that was substantively reasonable.

Based on the aforementioned reasons, no nonfrivolous issues for appeal are present and counsel moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967).

## **ARGUMENT**

**ISSUE ONE RESTATED:** There is no nonfrivolous argument that the district court reversibly erred at Frazee's guilty plea.

### A.    Standard of Review.

Guilty pleas are reviewed for compliance with Rule 11 of Federal Rules of Criminal Procedure. *United States v. Castro-Trevino*, 464 F.3d 536, 540 (5th Cir. 2006). Whether the requirements set forth in Rule 11 were satisfied is a conclusion of law and therefore reviewed *de novo*. *See United States v. Scott*, 987 F.2d 261, 264 (5th Cir. 1993). A district court's finding that the factual basis is adequate to support a guilty plea as required by Fed. R. Crim. P. 11(b)(3) is reviewed under the clearly erroneous standard. *See United States v. Adams*, 961 F.2d 505, 509 (5th Cir. 1992). However, this Court will vacate a guilty plea only if it finds: (1) that the district court varied from the procedures required by Rule 11; and (2) the variance by the district court affected the substantial rights of the defendant. *See United States v. Johnson*, 1 F.3d 296, 298 (5th Cir. 1993) (*en banc*) (applying harmless error analysis). Additionally, a claim raised for the first time on appeal asserting noncompliance with the requirements of Rule 11 is reviewed under the plain error standard. *See United States v. Dominguez Benitez*, 542 U.S. 74, 79-83 (2004).

**B.    There is no nonfrivolous argument for reversal based on Frazee's guilty plea.**

Pursuant to the instructions and "*Ander*'s checklist" provided by this Court, citations to the record of Frazee's plea before the United States Magistrate Judge are set out below:

**GUILTY PLEA – FED. R. CRIM. P. 11**

| I. Advising and Questioning the Defendant - FED. R. CRIM. P. 11(b)(1) | Record Citations |
|---|---|
| **(A)** risk of perjury | ROA. 66 |
| **(B)** right to plead not guilty or persist in not-guilty plea | ROA. 70 |
| **(C)** right to a jury trial | ROA. 70 |
| **(D)** right to counsel at trial and every other stage | ROA. 70-71 |
| **(E)** certain specific rights at trial | ROA. 70-71 |
| **(F)** defendant's waiver of trial rights | ROA. 72 |
| **(G)** nature of the charge | ROA. 68-70, 72 |
| **(H)** maximum possible penalty | ROA. 72 |
| **(I)** mandatory minimum penalty | ROA. 72 |
| **(J)** any applicable forfeiture | Not Applicable; *see* Discussion Below |
| **(K)** court's authority to order restitution | Not Applicable; |

| | |
|---|---|
| | *see* Discussion Below |
| **(L)** court's obligation to impose special assessment | ROA. 72 |
| **(M)** court's obligation to calculate guidelines range and consider that range, possible departures and other 18 U.S.C. § 3553(a) factors | ROA. 73-75 |
| **(N)** terms of waiver of right to appeal or collaterally attack the sentence | ROA. 75-76 |
| **(O)** risk of removal, denial of citizenship, and denial of future admission if convicted and not a U.S. citizen | ROA. 70 |
| **II. Voluntariness of Plea – Rule 11(b)(2)** | ROA. 77-78 |
| **III. Plea's Factual Basis – Rule 11(b)(3)** | ROA. 78-86, 118-22 |
| **IV. Judicial Consideration of Plea – Rule 11(c)(3)** (advisory to defendant if plea agreement is of specified type) | Not Applicable; *see* Discussion Below |
| **V. Accepting Plea Agreement – Rule 11(c)(4)** (informing defendant that, to the extent agreement is of specified type, the agreed disposition will be in the judgment) | Not Applicable; *see* Discussion Below |
| **VI. Enforcing Plea Agreement** (Government's compliance with plea agreement, defense counsel's certification whether the government intends to enforce appeal waiver, and validity of appeal waiver) | ROA. 75-76, 79, 123-24; *see infra* at p. 36. |

As noted above, the U.S. Magistrate Judge did not advise Frazee on the issues of forfeiture and restitution under Fed. R. Crim. P. 11(b)(1)(J)-(K). A review of the judgment reveals restitution was not ordered. ROA. 47-52. Additionally, the pleadings reveal the Government did not initiate forfeiture on this case. ROA. 7-58. Specifically, the indictment does not contain language asserting a forfeiture action. ROA. 22-23. Assuming *arguendo* the

9

judge errored by failing to advise Frazee under Fed. R. Crim. P. 11(b)(1)(J)-(K), no objection was made at the guilty plea hearing regarding the judge's failure to advise Frazee on restitution or forfeiture, as such, any error would be reviewed under the plain error standard. *United States v. Vonn*, 535 U.S. 55, 59 (2002). In order to succeed on a Rule 11 violation Frazee would need to show "the error seriously affected the fairness, integrity or public reputation of judicial proceedings." *United States v. Adam*, 296 F.3d 327, 333 (5th Cir. 2002) (quoting *Vonn*, 535 U.S. at 63). Here, Frazee has not experienced any harm as forfeiture proceedings have not been initiated and no restitution was ordered, as such, there is no evidence in the record to support argument or a finding that a violation of Fed. R. Crim. P. 11(b)(1)(J)-(K) seriously affected the above mentioned substantial rights. *See id*.

The U.S. Magistrate Judge did not address Judicial Consideration of a Plea Agreement under Fed. R. Crim. P. 11(c)(3). Federal Rules of Criminal Procedure 11(c)(3) requires the court to advise the defendant that the court may "accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report[]" when the agreement is the type outlined in Rule 11(c)(1)(A) or (C), see Fed. R. Crim. P. 11(c)(3)(A), and requires the court to advise the defendant that he will be unable to withdraw a plea if it is the type outlined in Rule 11(c)(1)(B), see Fed. R. Crim. P. 11(c)(3)(B). A

10

review of Frazee's written plea agreement reveals it does not include provisions related to the dismissal of charges or foregoing of charges, see Rule 11(c)(1)(A), nor does the agreement contain any language regarding a recommendation from the government or agreement not to opposes defendant's request regarding sentencing guideline issues, see Rule 11(c)(1)(B), nor does the document include an agreement on a specific sentence or specific sentencing range, see Rule 11(c)(1)(C). ROA. 30-35. As such, the U.S. Magistrate Judge had no obligation to admonish under Fed. R. Crim. P. 11(c)(3) and no error can be assigned.

Additionally, the U.S. Magistrate Judge did not address Accepting the Plea Agreement under Fed. R. Crim. P. 11(c)(4) which requires that "[i]f the court accepts a plea agreement, it must inform the defendant that to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the agreed disposition will be included in the judgment." Fed. R. Crim. P. 11(c)(4). The written plea agreement did not include provisions under Rule 11(c)(1)(A) or (C); therefore, Fed. R. Crim. P. 11(c)(4) was not applicable to Frazee's plea and no error may be assigned.

A review of the record also reveals the Government complied with the terms of Frazee's plea agreement. ROA. 117-29. Whether the Government has breached a plea agreement is a question of law and reviewed *de novo*.

11

*United States v. Purse*, 747 F.3d 284, 290 (5th Cir. 2014). Frazee did not

object to any breach of the agreement, as such, argument is reviewed under

the plain error standard. *See United States v. Brown*, 328 F.3d 787, 790 (5th

Cir. 2003). "In determining whether the Government violated a plea

agreement, this court considers whether the Government's conduct was

'consistent with the defendant's reasonable understanding of the agreement.'"

*United States v. Munoz*, 408 F.3d 222, 226 (5th Cir. 2005) (quoting *Brown*,

328 F.3d at 790). "The defendant has the burden of demonstrating the

underlying facts establishing the breach by a preponderance of the evidence."

*Purse*, 747 F.3d at 290.

In Frazee's written plea agreement, the Government agreed to make

motion pursuant to USSG §3E1.1(b) asking the district court to award a one

level decrease to Frazee's offense level if the court determined Frazee clearly

demonstrated acceptance of responsibility under §3E1.1. ROA. 127-28. The

Government further agreed to file a motion under USSG §5K1.1 an/or 18

U.S.C. § 3552 for downward departure, if in the exclusive judgment of the

Government, Frazee provided substantial assistance to law enforcement.

ROA. 128. In addition, the Government made the following oral agreement

not listed in the plea agreement:

> And, Your Honor, before I read it, I would like to just note
> despite whatever Mr. Frazee's sentence may be, the government

12

has specifically, in exchange for this Plea Agreement, not enhanced him. I believe he is eligible for two prior felony conviction enhancement which would be a mandatory life sentence. The government has not done that.

ROA. 79.

At sentencing, the Government argued Frazee minimized his role in the offense and failed to demonstrate acceptance of responsibility under §3E1.1(b). ROA. 104. The PSR did not recommend a three-level reduction for acceptance of responsibility due to a letter received by probation from Frazee denying certain aspects of the offense including the weight of the methamphetamine attributed to Frazee over the course of the conspiracy. ROA. 164, 181. Frazee objected to the lack of a three-level reduction for acceptance of responsibility and argued at sentencing he clearly accepted responsibility for the conduct. ROA. 103-04, 181. The district court sustained Frazee's objection and awarded a three-level reduction for acceptance of responsibility. ROA. 105. The Government did not object to the district court's decision. ROA. 105. When determining whether a defendant qualifies for acceptance of responsibility appropriate considerations include whether the defendant falsely denied relevant conduct. *See* USSG §3E1.1 cmt. 1(A). The Government's decision to advocate against an award of acceptance of responsibility based on the factor outlined in §3E1.1 cmt. 1(A) did not violate the terms of the plea agreement as the agreement does not forbid the

13

Government from arguing against an award of acceptance of responsibility. ROA. 127-28. The agreement states that once "the Court determines that Defendant has clearly accepted responsibility for his/her crimes . . . the Government promises to file a motion . . . asking the Court to award an additional one (1) level decrease in Defendant's offense level as a reward for Defendant's timely plea." ROA. 127-28. Here, the district court determined Frazee clearly accepted responsibility and the Government did not contest the district court's decision. ROA. 105. Thereafter, Frazee was awarded a three-level reduction including the one-level decrease from the Government under USSG §3E1.1(b) for a timely plea as detailed in the agreement. ROA. 105, 110, 127-28, 187. The Government's conduct was consistent with Frazee's understanding of the plea agreement and Frazee cannot demonstrate underlying facts to establish a breach as the Government complied with terms of the acceptance of responsibility provision. *See Munoz*, 408 F.3d at 226; *Purse*, 747 F.3d at 290.

The Government did not file a motion under USSG §5K1.1 an/or 18 U.S.C. § 3552 for downward departure. As per the plea agreement the decision to file such a motion was within the exclusive judgment of the Government. ROA. 128. The Government's conduct was consistent with the

plea agreement and there is no nonfrivolous argument otherwise. *See Munoz*,

408 F.3d at 226; *Purse*, 747 F.3d at 290.

In addition, the Government did not file enhancement's in exchange

for Frazee's guilty plea. ROA. 79. The punishment for a conviction of

possession with intent to distribute more than fifty (50) grams of actual

methamphetamine may be enhanced from a mandatory minimum ten years'

imprisonment to a mandatory term of life imprisonment without release upon

a showing of two or more previous final felony drug convictions. *See* 21

U.S.C. § 841(b)(1)(A)(viii). A review of Frazee's PSR reveals two prior

felony drug convictions. ROA. 167, 170. The pleadings reveal the

Government did not file a notice of enhancement under 21 U.S.C. § 851 and

thus did not pursue the enhancements. ROA. 7-58. As such, the

Government's conduct was consistent with Frazee's understating of the

negotiation and oral agreement.

Frazee's plea agreement contains a waiver of his appellate rights.

Specifically, the agreement sets forth the following:

> **Waiver of Appellate Rights:** I am aware that the Court may
> impose a sentence up to the maximum allowed by statute for the
> offense(s) to which I enter a plea of guilty. I am also aware that
> the sentence to be imposed does not provide for parole. By
> entering into this agreement, and as a term of this agreement, I
> voluntarily and knowingly waive the right to appeal the sentence
> on any ground, including but not limited to any challenges to the
> determination of any period of confinement, monetary penalty or

15

obligation, term of supervision and conditions thereof, and including any appeal right conferred by 18 U.S.C. § 3742.

ROA. 123 at ¶ 6.   Additionally, the waiver includes a waiver of post-conviction proceedings except for ineffective assistance of counsel or prosecutorial misconduct under 28 U.S.C. § 2255.  ROA. 123 at ¶ 7.  And, the agreement further provides:

> I waive the right to challenge the sentence imposed, knowing that his sentence has not yet been determined by the Court.  I am aware that any estimate of the sentencing range received from my counsel, the Government or the Probation Office, is not a promise, did not induce the guilty plea or this waiver, and does not bind the Government, the Probation Office, or the Court.  In other words, I understand that I cannot challenge the sentence imposed by the District Court, even if it differs substantially from any sentencing range estimated by my attorney, the attorney for the Government, or the Probation Officer.   Realizing the uncertainty in estimating what sentence I will ultimately receive, I knowingly and voluntarily waive the right to appeal the sentence or contest it in any post-conviction proceeding in exchange for the concessions made by the Government in this Agreement, except as otherwise provided herein.

ROA. 123-24 at ¶ 8.

A defendant may waive his right to appeal as part of a valid plea agreement if the waiver is knowing and voluntary.  *United States v. Mckinney*, 406 F.3d 744, 746 (5th Cir. 2005).  When determining whether an appeal of the conviction or sentence is barred by an appellate waiver provision in a plea agreement, this Court determines: (1) whether the waiver was knowing and voluntary; and (2) whether the waiver applies based on the plain language of

the agreement. *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).

When a clause in a plea agreement is susceptible to more than one

interpretation, the clause is ambiguous, and the interpretation is construed in

favor of the defendant. *See United Sates v. Harris*, 434 F.3d 767, 770 (5th

Cir. 2005). The validity of an appeal waiver is reviewed *de novo*. *United

States v. Burns*, 433 F.3d 442, 445 (5th Cir. 2005). A review of the record

reveals the U.S. Magistrate Judge explained fully the terms of Frazee's waiver

of his right to appeal as set forth in the plea agreement. ROA. 73-74. In

response, Frazee testified he understood the waiver and agreed to the waiver

of his appellate rights. ROA. 75-76. Frazee also testified that prior to signing

the plea agreement he went over the agreement with his attorney, he

understood the agreement, and agreed to the terms. ROA. 68, 78. The plain

language of the plea agreement reveals Frazee waived his "right to appeal the

sentence on any ground, . . ." ROA. 123 at ¶ 6. The plea agreement appellate

waiver provision is unambiguous and not susceptible to multiple

interpretations. *See Harris*, 434 F.3d at 770. Frazee's waiver of his appellate

rights was knowing and voluntary and the waiver applies based on the plain

language of the agreement, as such, there is no nonfrivolous issue to raise on

Frazee's behalf regarding waiver of his right to appeal.[1]  *See Mckinney*, 406

F.3d at 746; *Bond*, 414 F.3d at 544.

Appellate counsel has a duty to determine whether the Government

intends to rely on a valid appellate waiver before moving to withdraw.  *United

States v. Acquaye*, 452 F.3d 380, 382 (5th Cir. 2006).  After conferring with

the appellate section of the U.S. Attorney's Office for the Western District of

Texas, Frazee's appellate counsel certifies the Government will rely on the

appeal waiver.  A certificate of conference is attached below.  *See infra* at 36.

> **ISSUE TWO RESTATED:** There is no nonfrivolous argument that
> the district court reversibly erred at Frazee's sentencing.

## A.     Standard of Review.

A district court's compliance with the sentencing procedures in Federal

Rule of Criminal Procedure 32 is reviewed *de novo*.  *United States v. Wright*,

777 F.3d 769, 783 (5th Cir. 2015).  This Court reviews the district court's

---

[1] Some circuits review whether enforcing the appellate waiver will result in a miscarriage of justice.  *See United States v. Emeary*, 794 F.3d 526, 531 n.4 (5th Cir. 2015).  The miscarriage of justice exception applies to extremely narrow circumstances including the right to appeal an illegal sentence not authorized by the judgment of conviction or sentence greater than the statutory penalty for the offense; however, the exception does not apply to an allegation the judge misapplied the Guidelines or abused its discretion when there is a valid appellate waiver.  *See United States v. Andis*, 333 F.3d 886, 891-92 (8th Cir. 2003).  Frazee's statutory range of punishment was a mandatory minimum of ten years' imprisonment up to a life term of imprisonment.  ROA. 72.  At sentencing, the district court sentenced Frazee to two hundred and ninety-two (292) months.  ROA. 48.  Frazee's sentence was within the statutory range and misapplication of the Guidelines is not an appropriate argument for miscarriage of justice when a valid plea waiver exists, therefore, any argument Frazee's appellate waiver is not valid due to a miscarriage of justice from an illegal sentence would be frivolous.  *See Andis*, 333 F.3d at 891-92.

18

interpretation or application of the Sentencing Guidelines *de novo*. *United States v. Torres-Jaime*, 821 F.3d 577, 579 (5th Cir. 2016). And, reviews the district court's factual findings regarding the interpretation or application of the Guidelines for clear error. *Id*. When a defendant fails to object in the district court, this Court reviews the sentence only for plain error. *See United States v. Conlan*, 786 F.3d 380, 394 (5th Cir. 2015).

Additionally, a defendant's sentence is reviewed for reasonableness. *See United States v. Booker*, 543 U.S. 220. 261-62 (2005). Under reasonableness review "[r]egardless of whether the sentence imposed is inside or outside the Guideline range, the appellate court must review the sentence under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). This Court has held that sentences within a properly calculated Guideline range are entitled to a rebuttable presumption of reasonableness. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weights to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

**B.    There is no nonfrivolous argument for reversal of Frazee's sentence.**

1.    <u>There is no nonfrivolous procedural issue arising from Frazee's sentence.</u>

The district court's compliance with the procedural sentencing requirements in Fed. R. Crim. P. 32 are set forth in the table below pursuant to the instructions and "*Ander*'s checklist" provided by this Court:

### SENTENCING – FED. R. CRIM. P. 32

| | |
|---|---|
| **I. Rule 32(e)(2)** (disclosing the PSR) | Yes. *Compare* ROA. 89 (sentencing on 12/6/17) *with* ROA. 166 (PSR released on 10/19/17). |
| **II. Rule 32(i)(1)** (verifying the defendant and counsel read and discussed the PSR and any addendum to the PSR and allowing counsel to comment on PSR and sentencing matters) | ROA. 90-91; *see* Discussion below. |
| **III. Rule32(i)(3)** (findings on disputed matters) | ROA. 93, 95, 100, 103, 105, 106, 110 |
| **IV. Rule 32(i)(4)** (allowing counsel and defendant speak) | ROA. 111-13 |
| **V. Rule 32(j)(1)** (advising defendant of any right to appeal in forma pauperis) | ROA. 115 |
| **VI. Rule 32(k)(1)** (judgment correctly sets forth plea, offense of conviction, and sentence, including conditions of supervised release imposed at sentencing) | Yes. *Compare* ROA. 47-52 *with* ROA. 113-15. |
| **VII. Adequacy of reasons for sentence** (18 U.S.C. § 3553(c)) | ROA. 113 |

A review of the sentencing transcript reveals the district court correctly verified whether defense counsel and Frazee had gone over the PSR together

as required by Fed. R. Crim. P. 32(i)(1)(A); however, the court failed to inquire further as to whether they went over any addendum to the PSR. ROA. 90-91. Frazee's PSR was filed on October 19, 2017. ROA. 166. Written objections were submitted to U.S. Probation by defense counsel on behalf of Frazee. ROA. 179-82. The Amended Addendum to the PSR was filed on November 2, 2017. ROA. 183-86. The Amended Addendum contained Frazee's objections and informed the district court of the unresolved sentencing issues. ROA. 183-86. At sentencing, Frazee did not object to the district court's failure to inquire into whether he and counsel had reviewed the Amended Addendum. The district court's error, on plain error review, does not require reversal of Frazee's sentence because the record does not reflect any prejudice to Frazee because of this error. *See United States v. Esparza-Gonzalez*, 268 F.3d 272, 274 (5th Cir. 2001) (holding failure to verify whether defendant had reviewed PSR with counsel does not require automatic reversal as a structural defect). Moreover, Rule 32 does not create an absolute requirement of the district court to specifically ask whether the defendant has read the PSR (or any addendum); instead, an inference is drawn from the record and court documents as to whether the PSR has been read and discussed with counsel. *See Esparza-Gonzalez*, 268 F.3d at 274 (citing *United States v. Victoria*, 877 F.2d 338, 340 (5th Cir. 1989)). Here, the record reveals

defense counsel made detailed objections to the PSR based on knowledge he could have only received by speaking with Frazee about the PSR. ROA. 179-82. The record also reveals some of defense counsel's argument at sentencing was also based on information he could have only received after conferring with Frazee about the contents of the Amended Addendum to the PSR. ROA. 91-110. As such, there is an inference counsel reviewed the Amended Addendum with Frazee and therefore there is no nonfriviolous argument that the district court's failure to inquire about the Addendum to the PSR violated Frazee's substantial rights under plain error review. *See Esparza-Gonzalez*, 268 F.3d at 274; *Victoria*, 877 F.2d at 340.

> 2.    There is no nonfrivolous issue arising from the district court's Sentencing Guideline calculations.

The district court correctly calculated Frazee's total offense level to be 35 utilizing the 2016 edition of the United States Sentencing Guidelines ("USSG"). The calculation is shown in the table below with citations to the sentencing transcript and the PSR:

| Calculation | Levels | USSG § | Description | Record Citations |
|---|---|---|---|---|
| Base Offense Level | 34 | 2D1.1(c)(3) | 21 U.S.C. § 841(a)(1) & 21 U.S.C. § 846 | ROA. 91-103, 111, 164 (PSR ¶ 37), 179-81; *see also* Discussion Below |

22

| Adjustment for Role in the Offense | +4 | 3B1.1(a) | organizer, leader. manager, or supervisor | ROA. 106-10, 111, 164 (PSR ¶ 40), 181-82; *see also* Discussion Below |
| Adjustment to Offense Level | -3 | 3E1.1(a) & (b) | Acceptance of responsibility | ROA. 104-05, 164 (PSR ¶ 42), 185 |
| **Total Offense Level** | 35 | | | ROA. 110-11, 164 (PSR ¶ 45) |

There is no nonfrivolous argument the district court erred by calculating Frazee's base offense at a level thirty-four (34). ROA. 91-103, 111. Frazee pleaded guilty to conspiracy to possess with intent to distribute more than fifty (50) grams of actual methamphetamine. ROA. 64-88. Frazee's guilty plea is supported by a written factual basis that details his involvement in the conspiracy and the record reveals Frazee admitted under oath that the factual basis is true. ROA. 78-86, 118-22. The PSR attributed 14.06 kilograms of methamphetamine to Frazee which resulted in a level thirty-four (34) base offense under USSG §2D1.1(c)(3).[2] ROA. 163-64 (PSR ¶¶ 32 & 40). At sentencing, Frazee objected to the drug quantity that was attributed to him in the PSR. ROA. 91-93, 100-103, 180-81. The district court overruled all objections related to the drug quantity attributed to Frazee over the course of

---

[2] Under the Guidelines five (5) kilograms of methamphetamines, but less than fifteen (15) kilograms results in a level thirty-four (34) offense level. *See* USSG §2D1.1(c)(3).

the conspiracy, asserted the factual basis supported the calculation, and adopted the PSR.  ROA. 93, 103, 111.

The base offense level in a drug case is determined by the quantity of drugs involved.  *See* USSG §2D1.1(a)(5) & (c).  When the case involves a conspiracy, the quantity includes not only the amount the defendant was directly involved with, but also "all quantities of contraband that were involved in transactions carried out by other participants, if those transactions were within the scope of, and in furtherance of, the jointly undertaken criminal activity and were reasonably foreseeable in connection with that criminal activity."  USSG §1B1.3 cmt. 3; *see also id*. at §1B1.3(a)(1).  "The district court's calculation of the quantity of drugs involved in an offense is a factual determination."  *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005) (internal quotations and citations omitted).  The factual finding will only be reversed if the decision is clearly erroneous.  *See id.*  And, factual findings are not clearly erroneous if the finding is plausible in light of the record as a whole.  *Id.*  Additionally, a district court's factual findings at sentencing must be supported by "sufficient indicia of reliability to support its probable accuracy."  USSG §6A1.3(a).  The PSR typically bears sufficient indicia of reliability to support factual findings as long as the report is not based on conclusory uncorroborated statements.  *United States v. Rico*, 864

24

F.3d 381, 385 (5th Cir. 2017); *see also United States v. Narviz-Guerra*, 148 F.3d 530, 537 (5th Cir. 1998). Furthermore, when a defendant contests facts presented in the PSR, he bears the burden of establishing the "information cannot be relied upon because it is materially untrue, inaccurate or unreliable." *United States v. Angulo*, 927 F.2d 202, 205 (5th Cir. 1991).

Here, the district court's factual finding that Frazee is accountable for at least 14.06 kilograms of methamphetamine was based on an adopted PSR that was supported by recorded "jail call" conversations between Frazee and co-conspirators. ROA. 159-60 (PSR ¶¶ 13-15). Most important were: a conversation Frazee had with co-defendant Ivy discussing co-defendant Franco trading places with Ivy in the narcotics trafficking venture, see ROA. 159 (PSR ¶ 13); a conversation Frazee had with co-defendant Rice regarding Rice taking over Frazee's place and co-defendant Highfill blessing her game, see ROA. 159-60 (PSR ¶ 14); and a conversation between Frazee and co-defendant Highfill in which Frazee asked Highfill to bless co-defendant Rice's game and Highfill responded that she is good, see ROA. 160 (PSR ¶ 15). The adopted PSR was further supported by debriefs corroborating the arrangements. ROA. 162 (PSR ¶ 28). Additionally, the factual findings were supported by Frazee's factual basis in which he admitted to the recorded jail call conversations with the co-defendants and admitted that '[l]aw

enforcement learned Frazee continued to direct and coordinate drug trafficking operations while confined in the ECCC." ROA. 102-03, 118-19.

The adopted PSR and factual basis provide a "sufficient indicia of reliability" to support the district court's factual finding that the seven (7) pounds of methamphetamine located on co-defendant Franco, and the twenty-four (24) pounds attributed through co-defendant Ivy, were attributable as relevant conduct to Frazee under USSG §1B1.3(a)(1) and resulted in a drug quantity of at least 14.06 kilograms of methamphetamine. *See* USSG §6A1.3(a); *Rico*, 864 F.3d at 385; ROA. 163 (PSR ¶ ¶ 31-32). Moreover, Frazee was unable to present evidence to refute the facts in the PSR as untrue or unreliable. *See Angulo*, 927 F.2d at 205; ROA. 91-111

Based on the record there is no nonfrivolous argument that the district court's factual findings regarding the weight of the drugs attributed to Frazee was not plausible in light of the record. *See Betancourt*, 422 F.3d at 246. As such, there is no nonfrivolous argument under clear error review that the district court erred by calculating Frazee's base offense at a level thirty-four (34). *See id*.

There is no nonfrivolous argument the district court committed error by calculating a four-level increase (+4) for Frazee's role in the offense as a leader, organizer, manager, or supervisor under USSG §3B1.1(a). ROA. 106-

10, 164 (PSR ¶ 40), 181-82. A district court's factual finding that a defendant was a leader or organizer is reviewed for clear error. *United States v. Cabrera*, 288 F.3d 163, 173 (5th Cir. 2002). The PSR based the four-level increase (+4) on the jail calls revealing Frazee coordinated meetings of co-conspirators with each other and organized the continued flow of methamphetamine after incarceration. ROA. 182. At sentencing Frazee asserted he was a responsible member of the conspiracy, but he was not leading the conspiracy. ROA. 106-09, 181. The district court citied the portion of Frazee's factual basis admitting he directed and coordinated drug trafficking while in custody and the portions detailing coordination conversations with co-defendants. ROA. 109-10. Thereafter, the district court overruled Frazee's objection noting "he is directing things. . . . and there's numerous other things in here in which the defendant is giving instructions." ROA. 110. And, adopted the PSR. ROA. 111.

"A defendant 'must have been the organizer or leader of at least one other participant' to qualify as a leader/organizer." *United States v. Murray*, 648 F.3d 251, 256 (5th Cir. 2011) (quoting *United States v. Ronning*, 47 F.3d 710, 712 (5th Cir. 1995)). In addition, to qualify for the four-level increase under USSG §3B1.1(a) the defendant must be "an organizer or leader of a criminal activity that involved five or more participants or was otherwise

27

extensive[] . . ."  Based on the record, including Frazee's admissions in the factual basis, the adoption of the PSR, and lack of evidence refuting Frazee's organizing of others, there is no nonfrivolous argument the district court's factual decision was not plausible under clear error review.  *See United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005).

The district court correctly calculated Frazee's criminal history at Criminal History Category VI.  ROA. 111, 171 (PSR ¶ 63).  The PSR calculated Frazee's criminal history score at seventeen (17) points in the following manner:

| Date of Sentence | Offense and Sentence | USSG § | Pts | Record Citation |
|---|---|---|---|---|
| 07/06/2004 | Possession of Methamphetamine More Than 1 Gram, But Less Than 4 Grams | 4A1.1(a) | 3 | ROA. 167 (PSR ¶ 54) |
| 01/12/2007 | Possession of Drug Paraphernalia | 4A1.1(c) | 1 | ROA. 168 (PSR ¶ 55) |
| 02/02/2007 | Unlawful Carrying Weapon | 4A1.1(c) | 1 | ROA. 168 (PSR ¶ 56) |
| 05/10/2007 | Felon in Possession of a Firearm | 4A1.1(a) | 3 | ROA. 168 (PSR ¶ 57) |
| 05/25/2017 | Lesser Included Offense of Possession of Controlled Substance Methamphetamine Four Grams or | 4A1.1(a) | 3 | ROA. 170 (PSR ¶ 58) |

28

| | More, But Less Than 200 Grams | | | |
|---|---|---|---|---|
| 09/11/2011 | Possession of Drug Paraphernalia | 4A1.1(c) | 1 | ROA. 170 (PSR ¶ 59) |
| 06/09/2015 | Felon in Possession of a Firearm | 4A1.1(a) | 3 | ROA. 171 (PSR ¶ 60) |
| **Criminal Convictions Total** | | | 15 | |
| | Commission of Offense while on under criminal justice sentence for Felon in Possession of a Firearm | 4A1.1(d) | 2 | ROA. 171 (PSR ¶ 62) |
| **Criminal History Total** | | | **17** | ROA. 171 (PSR ¶ 63) |

The district court correctly calculated three (3) points for Frazee's Possession of Methamphetamine More Than 1 Gram, But Less Than 4 Grams. ROA. 167 (PSR ¶ 54). Frazee's felony conviction occurred on September 6, 2004. ROA. 167 (PSR ¶ 54). Prior felony convictions are assessed three (3) points when the term of imprisonment exceeds one year and one month. USSG §4A1.1(a). And, the prior sentence is counted when it was imposed less than fifteen years prior to the instant offense. *See* USSG §4A1.1(a) cmt. 1. Here, Frazee's term of imprisonment was three years and the sentence was imposed within fifteen years of January 1, 2017, the date of the

commencement of the instant offense. *Id*. at §§4A1.1(a) & 4A1.1(a) cmt. 1; ROA. 167 (PSR ¶ 54). As such, the three (3) points were properly applied.

Additionally, the district court correctly assessed three (3) points for Frazee's prior felony conviction for Felon in Possession of a Firearm that occurred on May 10, 2007; three (3) points for a prior conviction for the Lesser Included Offense of Methamphetamine Four Grams or More, But Less Than 200 Grams that occurred on May 25, 2017; and three (3) points for an additional prior Felon in Possession of a Firearm that occurred on June 9, 2015. ROA. 168 (PSR ¶ 57), 170-71 (PSR ¶¶ 58 & 60). Each prior sentence was imposed within fifteen years of the instant offense and each conviction was assessed a term of imprisonment exceeding one year and one month. *Id*. at §§4A1.1(a) & 4A1.1(a) cmt. 1; ROA. 168 (PSR ¶ 57), 170-71 (PSR ¶¶ 58 & 60). As such, the (9) nine additional points were correctly calculated.

Additionally, the district court correctly assessed one (1) point for Frazee's prior conviction for Possession of Drug Paraphernalia that occurred on January 12, 2007; one (1) point for a prior Unlawful Carrying of a Weapon that occurred on February 2, 2017; and one (1) point for an additional Possession of Drug Paraphernalia that occurred on September 11, 2011. ROA. 168 (PSR ¶¶ 45-56), 170 (PSR ¶ 59). As a threshold matter, each prior conviction was imposed within ten years from the instant offense. *See* USSG

30

§4A1.2(e) ("Any other prior sentence [besides a felony conviction] that was imposed within ten years of the defendant's commencement of the instant offense is counted."). Thus, they all meet the limitations period for prior misdemeanor convictions. *See id.*; *see also* USSG §4A1.1(c) cmt. 3. One (1) point is assessed for prior qualifying convictions that receive less than sixty days imprisonment. USSG §4A1.1(c). Here, Frazee received less than sixty days for both prior convictions for Possession of Drug Paraphernalia and less than sixty days for the prior conviction for Unlawful Carrying of a Weapon. ROA. 168 (PSR ¶¶ 45-56), 170 (PSR ¶ 59). Therefore, the three (3) additional points were assessed appropriately.

In addition, the district court correctly assessed two (2) points for committing "the instant offense while under a criminal justice sentence, including probation, . . . ." USSG §4A1.1(d). Frazee was on supervised release for Felon in Possession of a Firearm at the time of the instant offense. ROA. 171 (PSR ¶ 62). As such, the district court's two (2) point assessment for being on supervised release at the time of the instant offense was correct. *See* USSG §4A1.1(d); ROA. 171 (PSR ¶ 62).

The district court also correctly determined that a total offense level of 35 and a Criminal History Category VI produced a Guideline imprisonment range of 292 to 365 months. ROA. 111; *see also* USSG Ch. 5, Pt. A

31

(Sentencing Table).   Additionally, the district court correctly calculated the

statutory mandatory minimum at ten years and the maximum term at life

imprisonment, supervised release at a minimum of five years, and determined

Frazee did not have an ability to pay a fine as set forth in the table below:

| **Statutory minimum or maximum**, if any, term of imprisonment and supervised release | ROA. 111, 155, 175 (PSR ¶¶ 83, 86-87). |
|---|---|
| **Fine range**, if fine was imposed; *see* U.S.S.G. § 5E1.2, and findings on fine and on defendant's ability to pay; *see id.*; 18 U.S.C. §§ 3571 & 3572 | ROA. 115 |

> 3.   There is no nonfrivolous substantive issue arising from the
> district court's sentence.

As discussed above, the district court calculated the correct Guideline

imprisonment range of 292 to 365 months and the correct Guideline

supervised-release range at a minimum five years.   ROA. 111, 175 (PSR ¶

87).   Frazee was then sentenced to 292 months' imprisonment and five years

of supervised release.   ROA. 113-14.   A prison sentence and term of

supervised release within the Guidelines is deemed presumptively reasonable.

*See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).   Here, Frazee

was sentenced at the low-end of the properly calculated Guideline

imprisonment range.   ROA. 113.   He was also sentenced to a term of

supervised release within the appropriate Guideline range.   ROA. 114, 175

(PSR ¶ 87).   Frazee cannot argue the sentence was an abuse-of-discretion or

rebut the presumption or reasonableness. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). For these reasons, there is no nonfrivolous substantive issue with respect to Frazee's sentence.

## **CONCLUSION**

After examining the facts of the case in light of the applicable law, it is the opinion of counsel on appeal that there is no basis for presenting any legally nonfrivolous issue.

Respectfully submitted,

By: /s/ Aaron E. Eckman
AARON E. ECKMAN

Law Office of Aaron. E. Eckman, PLLC
414 W. Texas Avenue, Ste. 400G
Midland, Texas 79701
Tel.: (432) 279-1506
Fax: (432) 203-9808
eckmanlaw@gmail.com

## CERTIFICATE OF SERVICE

I certify that today, April 3, 2018, the foregoing brief and its appendix were served upon Assistant United States Attorney Joseph H. Gay, Jr., counsel for appellee, by notice of electronic filing with the Fifth Circuit CM/ECF system. I further certify that a copy of the brief for appellant is being served via first-class United States mail, postage prepaid, priority mail, upon Mr. Casy Frazee, Reg. No. 79199-180, Federal Correctional Institution Florence, P.O. Box 6000, Florence, Colorado 81226, and that counsel has reasonably attempted to communicate, in a manner and a language understood by the defendant: (i) that counsel has fully examined the record and reviewed the relevant law, and there are no meritorious issues for appeal; (ii) that counsel has therefore moved to withdraw; (iii) that if granted, the motion will result in dismissal of the appeal; but (iv) the defendant has the right to file a response in English, opposing counsel's motion, within 30 days.

By: /s/ Aaron E. Eckman
AARON E. ECKMAN

## CERTIFICATE OF COMPLIANCE

1.      This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 6,846 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in Times New Roman 14-point font in text and Times New Roman 12-point font in footnotes.

3.      This brief was filed electronically, in native Portable Document File (PDF) format, via the Fifth Circuit's CM/ECF system.


By: /s/ Aaron E. Eckman
AARON E. ECKMAN

## CERTIFICATE OF CONFERENCE

## RE: GOVERNMENT'S INTENT TO ENFORCE APPEAL WAIVER

I certify that, on March 14, 2018, I conferred with the appellate division of the United States Attorney's Office for the Western District of Texas regarding whether the Government intends to rely on Frazee's valid appellate waiver. Assistant United States Attorney Joseph H. Gay, Jr., counsel for appellee, will rely on the appellate waiver.

By: /s/ Aaron E. Eckman
AARON E. ECKMAN